IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM HUDICEK,<br>    Defendant. | CRIMINAL ACTION<br>No. 00-515 |

**M E M O R A N D U M  &  O R D E R**

**Katz, S.J.**                                                                                                              **December 21, 2005**

On June 6, 2001, William Hudicek was sentenced to thirty-seven (37) months imprisonment, including time served, followed by three years of supervised release for bank burglary, operation of a chop shop, interstate transportation of stolen vehicles, and the aiding and abetting of those crimes.[1]  Defendant additionally was ordered to observe all rules specified by the Probation Office and follow the Special Conditions set forth at the time of sentencing.  On December 14, 2004, this court modified Defendant's Special Conditions by ordering Defendant to serve a term of ninety (90) days in a community sanctions center.  The court also imposed a new three-year term of supervised release, with the original conditions.  Now before the court is a Petition for Revocation prepared by the Probation Office on November 10, 2005.[2]  Upon consideration of the submissions of the Government attorney and the Probation Office, and after a hearing, the court makes the following finds of fact and conclusions of law.

---

[1] This sentence was imposed after the court granted the Government's motion for a downward departure based upon substantial assistance.

[2] The Probation Office also submitted further factual clarification in a November 1, 2005 letter and November 2, 2005 letter.

Findings of Fact

1. A standard condition of Defendant's supervised release was that he report to the probation officer as directed by the court or probation officers, and that he submit a truthful and complete written report within the first five (5) days of each month.

2. Defendant missed appointments on the following dates:

| | | |
|---|---|---|
| May 16, 2005 | July 25, 2005 | September 19, 2005 |
| May 31, 2005 | August 1, 2005 | September 27, 2005 |
| June 13, 2005 | August 8, 2005 | October 4, 2005 |
| June 16, 2005 | August 15, 2005 | October 17, 2005 |
| June 27, 2005 | August 22, 2005 | October 24, 2005 |
| July 11, 2005 | August 29, 2005 | |
| July 18, 2005 | September 12, 2005 | |

3. A standard condition of Defendant's supervised release was that he work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

4. Defendant has failed to secure lawful employment. He has also failed to legitimize or substantiate his employment at "Little Rams" and his self-employment, as directed by his probation officer.

5. A standard condition of Defendant's supervised release was that he notify the probation officer within ten (10) days of any change in residence or employment.

6. Defendant failed to notify his probation officer that he was evicted from his home on August 5, 2005.

7. Defendant apparently absconded from supervision. On November 15, 2005, the court issued a Probation Warrant for Defendant's arrest. On November 30, 2005, Defendant was detained without bail pending his final revocation of supervised release hearing.

8.  A special condition of Defendant's supervised release was that he pay restitution in the amount of $226,000.00 in such terms as the probation office determines from time to time, subject to the approval of the court.

9.  Defendant failed to submit restitution payments in the amount of $100.00 for the months of April, July, August, September and October 2005. He submitted $200.00 in June 2005. Defendant is in arrears on his payments and is currently in default status.

Conclusions of Law

1.  Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). See 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of Defendant; and the need for the sentence to punish, deter, incapacitate, and rehabilitate. See 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. See id.

2.  If, after considering the foregoing factors, the court finds by a preponderance of evidence that Defendant has committed the violations alleged, the court may alter the terms of supervised release. The court may release and discharge Defendant, revoke supervised release, or order electronic monitoring. See 18 U.S.C. § 3583(e)(1)-(4).

3.  Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. See United States v.

Schwegel, 126 F.3d 551 (3d Cir. 1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

   4.  The government established by a preponderance of the evidence that the violations of the standard condition above are Grade C violations. See id. § 7B1.1(a)(3). Should the court choose to revoke supervised release rather than modify its terms, the recommended range is four (4) to ten (10) months imprisonment, as Defendant's criminal history category is II.[3] The statutory maximum term of imprisonment upon revocation is two years, as Defendant's original offense was a Class C felony. See 18 U.S.C. § 3583(e)(3).

   5.  In addition, 18 U.S.C. § 3583(g) provides that if Defendant possesses a controlled substance in violation of his conditions of supervised release, as set forth above, the court shall revoke the term of supervised release and require him to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized by 18 U.S.C. § 3583(e)(3).

   6.  Upon consideration of 18 U.S.C. § 3553(a), the court revokes Defendant's supervised release and imposes a sentence of six (6) months. Defendant's repeated failure to comply with the terms of release indicates that continued modification of supervised release would be ineffective. Although the court is not required to follow the guideline recommendations, a sentence in the lower half of that range appropriately reflects the seriousness of Defendant's actions but does not overstate the magnitude of his error. The court does not impose a further term of supervised release following the conclusion of this sentence.

   An appropriate Order follows.

---

[3] The Government requests an upward departure from this Guideline recommended sentence upon revocation of supervised release, noting that where the original sentence was a result of a downward departure, an upward departure is warranted upon violation of supervised release. U.S.S.G. § 7B1.4 n. 4.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**WILLIAM HUDICEK,**<br>    **Defendant.** | **CRIMINAL ACTION**<br>**No. 00-515** |

**O R D E R**

    **AND NOW**, this 13th day of December, 2005, upon consideration of the Petition for Revocation of Supervised Release, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

    1. Defendant's supervised release is **REVOKED**.

    2 Defendant is committed to the custody of the United States Bureau of Prisons for a term of six (6) months; and

    3. There shall be no further supervised release after Defendant's release from imprisonment.

            BY THE COURT:


            /s/ Marvin Katz
            **MARVIN KATZ, S.J.**